NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGEL LUIS HERNANDEZ, EDUARDO SANTIAGO, ORLANDO LUIS, EMILIO MELCHOR and PLUTARCO MELCHOR *individually and on behalf of others similarly situated,* | : : : : : : | Civil Action No. 13-2483 (ES)(JAD) |
| **Plaintiffs,** | : : | |
| v. | : : : | ORDER |
| LUCKY LODI BUFFET INC., (d/b/a LODI BUFFET), LODI INTERNATIONAL BUFFET INC., (d/b/a LODI BUFFET), DYNASTY BUFFET INC., (d/b/a DYNASTY BUFFET), LI SONG ZHOU, YI CHOW, ROBERT SPENGLER, SUE YE, RONG JIAN LI, and JOHN DOE, | : : : : : : : : | |
| **Defendants.** | : : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of Angel Luis Hernandez, Eduardo Santiago, Orlando Luis, Emilio Melchor, and Plutarco Melchor ("Plaintiffs") for (i) default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Lucky Lodi Buffet Inc. (d/b/a Lodi Buffet), Lodi International Buffet Inc., (d/b/a Lodi Buffet), Li Song Zhou, Yi Chow, Robert Spengler, and Rong Jian Li (collectively, "Defaulting Defendants"); and (ii) summary judgment against Defendant Sue Yi ("Ye"). (D.E. No. 43). The Court, having considered Plaintiffs' submission, and it appearing that:

1. On July 30, 2015, Plaintiffs moved for a default judgment against Defaulting Defendants and summary judgment against Ye. (D.E. No. 40).

2. Ye did not oppose the motion.

3. On March 23, 2016, this Court held that "Plaintiffs' brief fails to sufficiently set forth their cause of action against Ye or establish that its elements have been met." (D.E. No. 42 at 2). The Court noted that unopposed summary judgment motions require a more searching inquiry because "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Fleck v. Trustees of Univ. of Pa.*, 995 F. Supp. 2d 390, 399 (E.D. Pa. 2014). Thus, "it is not enough for facts to be undisputed; the court must determine the legal consequences of these facts and permissible inferences from them." *Id.* (internal quotation marks omitted).

4. The Court ordered Plaintiffs to file a new brief that, among other things, "set[s] forth the elements of the claim against Sue Ye, specifically applying the relevant undisputed facts to each element of the claim." (D.E. No. 42 at 2).

5. On April 25, 2016, Plaintiffs renewed their motion for summary judgment against Ye, providing a one-page argument in support of their motion. (D.E. No. 43-1 at 12). The renewed motion for summary judgment fails to set forth the elements of the claim against Ye and fails to specifically apply the relevant undisputed facts to each element of the claim.

6. Plaintiffs also renewed their motion for a default judgment against Defaulting Defendants. (*Id.* at 1-11). The Court notes that "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be

dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008).

Accordingly, IT IS on this 7th day of November 2016,

**ORDERED** that Plaintiffs' motion for summary judgment against Ye is DENIED without prejudice with leave to refile in accordance with this Court's March 23, 2016 Order (D.E. No. 42); and it is further

**ORDERED** that Plaintiffs' motion for a default judgment against Defaulting Defendants is DENIED without prejudice, pending resolution of the action on the merits against non-defaulting Defendants Dynasty Buffet Inc. and Sue Ye; and it is further

**ORDERED** that the Clerk of the Court shall terminate docket entry 43.

**SO ORDERED.**

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

3